## ST. PAUL, M. & M. RY. CO. *v.* NORTHERN PAC. R. CO.

*(Circuit Court of Appeals, Eighth Circuit. February 1, 1892.)*

INJUNCTION—RECEIVERS.

A land-grant railroad company sued to recover a large quantity of lands, divided into three classes, and by agreement of the parties a commissioner was appointed to sell the lands pending the suit, and hold the proceeds subject to its final determination. After the sale the bill was dismissed without prejudice as to one class of the lands. *Held* that, on the bringing of a new suit, it was proper to allow a preliminary injunction restraining the commissioner from paying over the money realized from the lands still in dispute, and appointing him receiver thereof. 47 Fed. Rep. 536, affirmed.

Appeal from the Circuit Court of the United States for the District of Minnesota.

Suit in equity to recover lands, brought by the Northern Pacific Railroad Company against the St. Paul & Pacific Railroad Company, for which the St. Paul, Minneapolis & Manitoba Railway Company was afterwards substituted. Heard below on motion for a preliminary injunction, which was granted. Defendant appeals. Affirmed.

*George B. Young*, for appellant.

*John C. Bullitt, Jr.*, and *F. M. Dudley*, for appellee.

Before CALDWELL, Circuit Judge, and SHIRAS and THAYER, District Judges.

SHIRAS, District Judge. This cause is before us on an appeal from an order made by the circuit court for the district of Minnesota, granting a temporary injunction, and appointing a receiver to take charge of certain property until the final decision of the rights of the parties litigant.

Briefly stated, the facts are as follows: Under the act of congress of July 2, 1864, and other acts amendatory and supplemental thereto, the Northern Pacific Railroad Company became entitled to certain lands along the line of its railway, and the St. Paul & Pacific Railway Company became entitled to certain lands under the act of congress of March 3, 1857, and the acts amendatory and supplemental thereto. For the purpose of settling the rights of the respective companies in and to certain lands which are within the limits of both the grants above named, the Northern Pacific Company, by its bill in equity duly filed in the circuit court for the district of Minnesota, asserted its right to the lands in dispute against the said St. Paul & Pacific Company. Before this suit came to a hearing, the St. Paul, Minneapolis & Manitoba Company became a party thereto, having succeeded to all the rights of the St. Paul & Pacific Company.

The lands in dispute in that cause were divided into three classes, towit, those within the place or 20-mile limit of the line of the Northern Pacific Company; those within the indemnity limits of the grants to the Northern Pacific, and included within the terms of a withdrawal of lands by order of the United States land department, under date of October 12, 1870; those within the indemnity limits of the grants to the Northern Pacific, but which were not within the terms of the withdrawal order above named. Pending this litigation, and on or about June 13, 1878, by stipulation between the parties, the court appointed Edward Sawyer a special commissioner, with authority to sell the lands in dispute, or so much thereof as might be sold under the order of the court, the proceeds of sale, whether money, the evidence of money, or other securities, with the interest collected thereon, to be held subject to the final decree of the court, which was to operate thereon as if the same were the lands from the sales whereof they were realized. The commissioner accepted this trust, giving security for the performance of his duty in all particulars. On the 24th day of December, 1886, the cause went to decree in the circuit court, it being held that the Northern Pacific Company was entitled to the lands that came within the first and second classes hereinbefore described, and that as to the lands within the third class the bill should be dismissed, "without prejudice to the right of said plaintiff, its successors or assigns, to institute and prosecute such other and further proceedings, either at law or equity, as to it or them may seem necessary or proper for establishing its or their rights and title, if any, to said lands not so awarded to said plaintiff." The cause was carried by appeal to the supreme court of the United States, and the decree rendered was affirmed. *St. Paul & P. R. Co.* v. *Northern Pac. R. Co.*, 139 U. S. 1, 11 Sup. Ct. Rep. 389.

On the 23d day of June, 1891, the Northern Pacific Company filed the bill in the present cause, for the purpose of finally settling the rights of the parties to the lands falling within the third division of the classification hereinbefore given, and in regard to which no final adjudication was made in the decree of December 24, 1886. It is stated in the bill that Edward Sawyer has in his charge, and subject to the orders of the

court, a large amount of money and securities realized from sales made by him of the lands included within class 3, and a preliminary injunction was prayed for the purpose of restraining said Sawyer, who was made a defendant to the bill, and the St. Paul, Minneapolis & Manitoba Railway Company, from paying over or receiving any of the money or securities derived from a sale of the lands to which the rights of the respective companies were yet unsettled, until by the final decree in this cause it should be determined to which company the lands, and the proceeds representing the lands sold, in fact belonged. Notice of the application for the temporary injunction having been duly given to the defendants, the same was heard, and the court granted the order asked, embracing therein a provision appointing Edward Sawyer a receiver to hold the securities until the further order of this court.

By the present appeal it is sought to reverse the order thus made. From the record submitted to us, the following facts are clearly apparent: The title to the lands falling within the third class, named in the decree of December 24, 1886, is in dispute between the Northern Pacific and St. Paul, Minneapolis & Manitoba Companies, and cannot be finally settled until after a full hearing upon the issues presented by the bill herein filed. The money and securities in the hands of the defendant Sawyer were derived from sales of portions of these lands, under an agreement between the contesting railroad companies that the same should stand for and represent the lands by the sale of which they were realized, and to be paid over to the company ultimately decreed to be the owner thereof. It is the purpose of the present bill to obtain such final decree; the former proceedings between the parties having failed to accomplish that purpose.

The circuit court held that, under the circumstances thus made clear, the interests of all would be advanced by continuing the control of the money and securities realized from the lands where the parties, by their own agreement, had previously placed the same, and to that end granted the injunction restraining the defendant Sawyer from paying over the money or securities until it was finally determined to whom the same belonged; and for the purpose of further protecting the fund for the common benefit of the litigants, the court included in the order the provision appointing Edward Sawyer a receiver of the property, with the requirement that he give bond for the faithful performance of his duties.

We fail to see that exception can be justly taken to the action of the circuit court in granting the order appealed from. On the contrary, we are of the opinion that, upon the facts disclosed in the record, it was the duty of the court below to grant the injunction asked for.

Counsel for appellant has discussed at length the ultimate question necessary to be decided upon the final hearing, to-wit, to which company do the lands belong, which question includes the construction to be placed upon the several acts of congress under which the parties claim, and the effect to be given to the action of the land department, and other like matters. It cannot be expected that upon a hearing of an application for a temporary injunction either the circuit court, or this court

upon appeal, will enter upon a full hearing of the questions upon which the ultimate rights of the opposing parties may be dependent. If it appears from the showing made that the title to the land or property is in dispute, and that the complainant is in good faith seeking to settle such dispute, that is as far as it is necessary for the court to inquire, so far as that particular point is involved, when asked to issue an injunction such as the one issued in the present proceeding; and therefore we do not enter upon a consideration of the questions which were so fully presented in argument of counsel, but which more properly belong to the final hearing of the cause upon the merits.

Finding no error in the order appealed from, the appeal is dismissed at cost of appellant.